MAURICE CASEY, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED NOVEMBER 10, 1931. No. 27865.

*Byron Clark, Jesse L. Root, J. W. Weingarten* and *Sidney T. Frum,* for appellant.

*McCarthy & McCarthy* and *M. F. Harrington, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

ROSE, J.

This is an action to recover $574 in damages for alleged negligence of defendant in so constructing embankments and waterways on its railroad right of way as to flood portions of the lands of plaintiff in Otter creek valley, Dixon county, thus causing the destruction or loss of oats, barley, potatoes, chickens and lumber owned by him.

In Otter creek valley plaintiff owns a farm consisting of a dwelling-house, other farm buildings, and 160 acres of land, except land for defendant's railroad right of way, land for a right of way for a public highway and land for a right of way for a ditch. These right of ways are on parallel lines, extend east and west and intersect the land of plaintiff, leaving the larger portion on the south and the smaller portion and the farm buildings on the north. The railroad right of way is contiguous to the right of way for the ditch, which is north of the railroad, and the railroad right of way is also contiguous to the right of way for the highway, which is south of the railroad. The general course of Otter creek is eastward. The current of the stream in the original channel approached plaintiff's farm buildings from the northwest, passed near them, turned south about 500 feet from them, crossed all the right of ways on the west side of a loop south of them, meandered eastward and, turning north, recrossed the same right of ways on the east side of the loop 800 feet from the west side of the loop. Before the right of ways for the highway and the ditch were granted, defendant's railroad crossed Otter creek on a bridge 130 feet long over

the west side of the loop. Under the same railroad track there was a similar bridge 800 feet further east over the east side of the loop. In 1926 the state department of public works and the county of Dixon constructed the public highway on plaintiff's land south of the railroad on a fill 17 feet high across the natural channel of Otter creek near plaintiff's farm buildings, filling the old channel at the crossing, cut off the loop of the creek south of the right of ways and dug on the north side of the railroad a cut-off ditch into which the waters of the stream were turned. Afterward defendant made fills where the bridges had been and increased the capacity of the ditch.

Personal property of plaintiff was injured by flood waters October 15, 1928, and in his petition he pleaded in substance that defendant failed to provide an adequate cut-off ditch, filled the openings in its right of way under the bridges without leaving adequate openings in the embankments for the passage of flood waters, dammed them up and turned them back on the premises of plaintiff, thus causing the damages of which he complains.

In addition to a general denial, defendant answered in effect, among other things, that plaintiff, for his own benefit, knowingly participated in the acts upon which his claim for relief is based and brought the damages upon himself.

Upon a trial of the issues, the jury rendered a verdict in favor of plaintiff for $520. From a judgment therefor defendant appealed.

The principal assignment of error is directed to the overruling of a motion by defendant for a peremptory instruction in its favor on the ground that the evidence is insufficient to prove a cause of action in favor of plaintiff and against defendant.

Plaintiff sold to Dixon county the land for the right of ways for the highway and the ditch. He filed his claim against Dixon county April 28, 1926. This claim and his own testimony prove that he sold to Dixon county 5.04 acres of land for the right of way for the highway through his farm and 98/100 of an acre on the north side of defendant's railroad through his farm for the right of way

for the cut-off ditch. His claim for the land, fence and incidental damages amounted to $1,304.25, which the county paid. On the face of his claim he imposed on the county the following conditions:

"This claim is filed with the understanding that a cattle pass is furnished to meet a point opposite railroad pass; also a culvert of 18 inches in diameter to carry natural flow of water.

"This claim is to be void unless cattle pass is furnished and culvert provided and maintained for natural flow of water."

Acting under plaintiff's grant and terms, the county and the state department of public works constructed the highway on a fill or embankment 17 feet high across the natural channel of Otter creek on the west side of the southern loop described, without any openings in the solid wall except the cattle pass and an 18-inch pipe. The channel on the east side of the loop was also filled by the state and Dixon county except for an 18-inch pipe. The entire southern loop of the natural channel south of the highway was thus cut off, the west fill being near plaintiff's buildings. The distance between the center of the highway and the center of the railroad was 83 or 84 feet. North of the railroad the state and county also cut a ditch on the right of way purchased from plaintiff. The purpose of this ditch was to carry the waters of Otter creek eastward north of the railroad track to the natural channel of the stream. Plaintiff did not notify or consult defendant in regard to these plans or to this work. Defendant had no part in the undertakings except to voluntarily increase the carrying capacity of the ditch north of and adjacent to its right of way. There is nothing to show that the state or Dixon county consulted defendant in respect to the contemplated changes. After the state and county constructed the highway, filled the old channel as indicated, and dug the ditch, defendant made fills where its bridges crossed the abandoned channel of Otter creek, leaving in the new railroad embankment a cattle pass and pipes corresponding in size, elevation and location to the openings left in the highway embankment

pursuant to plaintiff's specifications. Plaintiff stood by without objection or protest until all these changes had been made, though he had owned his farm for ten years.

The facts outlined are established by, or necessarily inferred from, undisputed evidence. Prior to the shifting of the channel of the creek to the cut-off ditch north of the railroad, the openings under the railroad bridges permitted the free passage of the stream. They could not serve that purpose after the highway embankment filled the natural channel of Otter creek a few feet below the bridges. Plaintiff's property was not damaged by floods before the channel was changed. The change from natural conditions which did not injure plaintiff was the enterprise of the state, the county of Dixon and plaintiff, not defendant. After the southern loop of Otter creek had been cut off and the channel of the stream changed to the north side of the railroad, the railroad bridges were unnecessary. As already stated, the openings in the new railroad embankment corresponded to the specifications for the openings in the parallel highway embankment a few feet further south —terms exacted by plaintiff himself as conditions of granting the right of ways for the highway and the ditch. The better view of the undisputed evidence seems to be that, as to defendant, plaintiff brought upon himself the injury of which he complains. The conclusion is that the motion to direct a verdict in favor of defendant should have been sustained. The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.